UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF FLORIDA
JACKSONVILLE DIVISION

NEIL ANDRE BUTLER,

      Plaintiff,

v.                                                 CASE NO.: 3:16-cv-01154-BJD-PDB

STATE OF FLORIDA, JACKSONVILLE
SHERIFF OFFICE, FLORIDA ATTORNEY
GENERAL OFFICE, JACKSONVILLE
MAYOR OFFICE & FLORIDA
DEPARTMENT OF FINANCIAL
SERVICES

      Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants the Office of the Attorney General ("OAG"), the Department of Financial Services ("DFS"), and the State of Florida (collectively, "Defendants") move to dismiss the Amended Complaint of Plaintiff Neil Andre Butler ("Butler") under Federal Rule of Civil Procedure 12(b)(1) based on Eleventh Amendment immunity.[1] The Defendants also move to dismiss Butler's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## FACTS

Butler brings this action against the Defendants on the basis of 42 U.S.C. § 1983. Butler alleges that the "Jacksonville Sheriff Office" arrested him on June 26, 2012, and wrongfully incarcerated him for eight days. D.E. 3. Butler does not claim any involvement of the Defendants

---

[1] By filing this motion, the Defendants waive any defects in service of the Complaint.

1

in this alleged false arrest. Butler further alleges that he "lost out on financial gain" during his purported incarceration, and filed a claim for compensation from the State Risk Management Trust Fund. *Id.* Butler does not allege any improper actions by the OAG, DFS, or the "State of Florida," despite naming OAG, DFS, and the State of Florida in the caption of the Amended Complaint. Butler's Amended Complaint alleges only one injury: false arrest. *Id*.

## **PRO SE PLEADING STANDARDS**

To survive a motion to dismiss under Rule 12(b)(6), "the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.* 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Similarly, motions to dismiss under Rule 12(b)(1) attacking subject matter jurisdiction "are based solely on the allegations in the complaint." *Carmichael v. Kellogg, Brown & Root Services, Inc.* 572 F.3d 1271, 1279 (11th Cir. 2009).

Although *pro se* pleadings are to be liberally construed, *pro se* litigants are not entitled to a lesser pleading standard. *See Brown v. U.S. Patent and Trademark Office*, 226 Fed. Appx. 866, 867-86 (11th Cir. 2007) ("ordinary rules of procedure and summary judgment still apply"). *Pro se* litigants must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *See Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)) (describing "liberal notice pleading standard"); *Worst v. Hart*, 1995 WL 431357 (N.D. Fla. 1995) (applying *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d at 684, to *pro se* pleading standards).

# ARGUMENT

## I. The Eleventh Amendment

The Eleventh Amendment requires dismissal pursuant to Rule 12(b)(1) "because no subject matter exists." *See Thomas v. U.S. Postal Service*, 364 Fed. Appx. 600, 601 n.3 (11th Cir. 2010). "The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states." *Abusaid v. Hillsborough Bd. Of County Com'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005).

Two exceptions to Eleventh Amendment immunity exist. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Congress may authorize individual suit against a State, or a "state may waive its sovereign immunity by consenting to suit. *Id.* Section 1983 does not fall under either exception. First, "in passing § 1983," Congress "had no intention to disturb the States' Eleventh Amendment immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). This is because the "State is not a person within the meaning of § 1983." *Id.* at 64. This holding extends to "governmental entities that are considered 'arms of the State." *Id.* at 70.

Second, "Florida has not waived its immunity to § 1983 actions." *Williams v. Robbins*, 153 Fed. Appx. 574, 576 (11th Cir. 2005). The Office of the Attorney General/Department of Legal Affairs and the Department of Financial Services are both arms of the State of Florida. See Chap. 16, Fla. Stat; §§ 20.11 & 20.121, Fla. Stat.

Butler cannot state a cause of action under § 1983 against the State of Florida itself, or its agencies, because they are entitled to Eleventh Amendment immunity and are not persons for the purposes of § 1983. Because Butler cannot encroach upon the sovereign immunity of the Defendants, dismissal is appropriate.

## II. Butler fails to state a claim under § 1983.

The injuries Butler alleges are not cognizable under § 1983 because Butler fails to allege violation of a federal right. "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only those that deprive a plaintiff of a federal right." *Knight v. Jacobson,* 300 F.3d 1272, 1276 (11th Cir. 2002). Butler's only cognizable injury is false arrest; however, he does not allege the Florida Attorney General's Office, the Department of Financial Services, or the State of Florida falsely arrested him. Therefore, the false arrest claim against the Defendants should be dismissed. *See* Report of Magistrate Judge at 3 n.1, *Harris v. Leder*, No. 10-14244 (S.D. Fla. Jan. 18, 2011), ECF No. 16 (affirmed and adopted in Order Adopting Magistrate Judge's Report and Recommendation at 3 (S.D. Fla. Aug. 8, 2011), ECF No. 43 (dismissing Department of Insurance as party based on *pro se* plaintiff's to make specific allegations against it).

Butler alleges, "The defendant [*sic*] has filed claim with Risk Management, (claim # 1420 01 882), in an attempt to handle the matter, of compensation for injury, without it becoming a controversy." However, Butler has not alleged that he obtained a judgment, or is owed a debt. Even if a judgment or debt exists, a state's refusal to pay does not offend the U.S. Constitution. *See Minton v. St. Bernard Parish School Bd.*, 803 F.2d 129, 132 (5th Cir. 1986). "The Supreme Court determined long ago . . . that the property right created by a judgment against a government entity is not a right to payment at a particular time but merely the recognition of a continuing debt of that government entity." *Id.* (citing *Louisiana ex rel. Folsom v. Mayor & Adm'r of New Orleans*, 109 U.S. 285, 289 (1883). Butler has alleged no wrongdoing committed by the Defendants. Therefore, Butler has no § 1983 claim against the Defendants.

## CONCLUSION

Based on the above, Butler's Amended Complaint against the State of Florida, the Department of Financial Services, and the Office of the Attorney General should be dismissed.

Respectfully submitted,

**PAMELA BONDI**
**ATTORNEY GENERAL**

*/s/ Jesse Haskins*
Jesse A. Haskins
Assistant Attorney General
Fla. Bar No.: 78974
Jesse.Haskins@myfloridalegal.com
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Tel.: (850) 414-3691
Fax: (850) 488-4872
*Attorney for Defendants State of Florida,*
*Department of Financial Services, and*
*Office of the Attorney General*

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been served by U.S. Mail on October 18, 2016, to the following persons:

Neil Andre Butler
2266 Pocosin Court
Jacksonville, Florida 32246

Ashley Benson
Office of General Counsel
City of Jacksonville
117 West Duval Street, Suite 480
Jacksonville, Florida 32202-5721

*/s/ Jesse Haskins*
Jesse Haskins